IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ROBERT RAMOS, §
　　　　Petitioner, § Civil Action No. _____
vs. § Criminal No. 04-CR-10146-WGY
UNITED STATES OF AMERICA, §
　　　　Respondent. §

MOTION TO VACATE CONVICTION AND SENTENCE, AND
AUTHORITY IN SUPPORT THEREOF, BROUGHT UNDER
TITLE 28, UNITED STATES CODE, SECTION 2255

　　　　COMES NOW petitioner, ROBERT RAMOS ("the undersigned"), appearing pro se, and files this motion to vacate his conviction and sentence, pursuant to 28 U.S.C.§2255, and would show the Court as follows:

　　　　(1) On December 10, 2003, the undersigned was arrested and charged in a complaint with using interestate facilities in the commission of a murder-for-hire, and travel in interstate for the purpose of committing a murder-for-hire, in violation of 18 U.S.C.§1958. Notwithstanding the mandate of Congress that an indictment be returned within thirty days of the date of the arrest, see 18 U.S.C.§3161(b), the indictment in this case was returned on May 4, 2004 — nearly five (5) months after the undersigned's arrest on a complaint. Notably, former counsel did not move to dismiss the indictment, despite the operation of 18 U.S.C.§3162(a)'s requirement that an indictment be dismissed upon application of the defendant.

　　　　(2) On The advice of counsel, the undersigned entered a plea of guilty to all counts contained in the three count indictment returned on May 4, 2004. Count One charged petitioner with using telephone to further a plot to commit murder-for-hire, in violation of 18 U.S.C.§1958. Counts Two and Three charged the undersigned with travelling from the State of Massachusetts to the State of Rhode Island for the purpose of facilitating the commission of a murder-for-hire, in violation of 18 U.S.C.§1958. The indictment did not allege any aggravating factors surrounding the offense, and the undersigned did not admit to any aggravating factors at the time that he entered his open plea of guilty.

　　　　(3) On or about July 25, 2005, the Court sentenced the undersigned to a prison term of 96 months. That sentence resulted, in part, from a downward departure of one year. That sentence was also enhanced by two levels on the ground that the undersigned was an "organizer or leader" in the instant offense. See, U.S.S.G. §3B1.1(c).

(4) The Court enhanced the undersigned's sentence on the ground that he was an "organizer or leader," despite the fact that the individual taking orders and/or directions from the undersigned was a "cooperating individual" throughout the course of the case, and was therefore not "criminally responsible." Indeed, given that individuals status as an "undercover agent," the undersigned could not have properly had hi sentence enhanced based upon his exercise of authority over the government agent. Thus, the enhancement was improperly applied. Despite the obvious error, former counsel failed to object to the inappropriate enhancement, resulting in a sentence to a term greater than what would have been imposed had former counsel advanced the appropriate legal objection to the two level enhancement. Counsel's shortcoming in this respect gives rise, in part, to this collateral attack on the sentence imposed.

(5) No appeal was taken in this matter, given counsel's representations that there were no appealable issues, and that an appeal could result in a longer sentence. The undersigned is currently serving his sentence at the Federal Medical Center in Devens, Massachusetts. Notably, the undersigned, while incarcerated at FMD Devens, has been denied social telephone privileges due to his previous employment as a correctional officer. Thus, the sentence imposed in this case is even more onerous on the undersigned than it is on those whose offenses actually resulted in the commission of a murder.

(6) The undersigned now moves this Court for an Order vacating his conviction and sentence on the grounds that he was denied effective assistance of counsel, and for the reasons that follow, this motion should be granted:

### ARGUMENTS

#### POINT ONE

BY VIRTUE OF INEFFECTIVE ASSISTANCE OF COUNSEL, THE COURT IMPOSED A TERM OF IMPRISONMENT WHICH WHICH WAS IN EXCESS OF THE "STATUTORY MAXIMUM" APPLICABLE TO THE OFFENSE OF CONVICTION, WHICH VIOLATED PETITIONER'S SIXTH AMENDMENT JURY TRIAL RIGHT, AND THEREBY WARRANTS RESENTENCING

As noted, the Court enhanced the undersigned's offense level on the ground that he was an organizer or leader in the instant offense. That enhancement — by two levels — increased the overall sentence. Notably, the indictment did not contain allegations of an aggravated role, and the undersigned did not admit to such at the time of the guilty plea. Thus, the Court violated the undersigned's sixth amendment jury trial right when he enhanced his sentence based on such, and imposed a sentence that exceeded the statutory maximum.

In United States v. Griffin, 494 F.Supp.2d 1, 19 (D.Mass. 2007), a case recently decided by your Honor, your Honor held that "[i]n sentencing, the statutory maximum constitutes the upper term of a judicially determined range based on jury-found or defendant-admitted facts." Id. In Griffin, your Honor vacated a sentence based on your Honor's understanding that the Supreme Court's decision in Cunningham v. California, 127 S.Ct. 856 (2007) changed the meaning of the term "statutory maximum" to mean the maximum term that a court could impose based on facts found by a jury or admitted at the time of the guilty plea by the defendant. In Griffin, your Honor stated that:

> As a result of Cunningham, this Court felt compelled to change its sentencing practice to comport with a defendant's Sixth Amendment rights.

Griffin, 494 F.3d at 14-15. Based on this Court's position as to what the correct "statutory maximum" is, the sentence imposed upon the undersigned exceeded that maximum, and the sentence was therefore imposed in violation of his Sixth Amendment rights, as recognized in United States v. Booker, 125 S.Ct. 734 (2005). Indeed, counsel did not object to this error. Counsel should have, however, contemplated the holding in Cunningham, and advanced arguments consistent with those advanced in Griffin. His failure to do so violated the undersigned's right to effective assistance of counsel, resulting in a sentence to at least twenty-one (21) months greater than the sentence that would have been imposed.

Despite counsel's ineffectiveness, the fact that the Court imposed a sentence in excess of the statutory maximum (alone) warrants relief from the judgment in this case. Furthermore, this application is timely since the undersigned could not have discovered the facts underlying his illegal sentence until June 6, 2007 — the date of this Court's decision in Griffin. Thus, this motion is timely. See, e.g., Johnson v. United States, 544 U.S. 295, 302 (2005)(holding that court order is a "fact," for purposes of 28 U.S.C.§2255 ¶6(4)).

Given the fact that the sentence imposed exceeded the statutory maximum, the undersigned respectfully requests that the Court vacate or correct the sentence imposed in this case, and amend the judgment of conviction to reflect a sentence of 75 months imprisonment — a sentence that eliminates the two level enhancement, and accords a downward departure consistent with the departure awarded at the original sentencing proceeding. Such an order should issue in the interest of justice, and to avoid a complete miscarriage thereof.

-4-

## POINT TWO

BY VIRTUE OF INEFFECTIVE ASSISTANCE OF COUNSEL, BOTH PETITIONER'S OFFENSE LEVEL, AND SENTENCE, WERE IMPROPERLY ENHANCED ON THE GROUND THAT THE PETITIONER WAS A "LEADER OR ORGANIZER", DESPITE THE OBVIOUS AND UNCONTROVERTABLE FACT THAT THE PETITIONER WAS THE ONLY PARTICIPANT "CRIMINALLY RESPONSIBLE" FOR THE COMMISSION OF THE OFFENSE

Section 3B1.1(c) of the U.S. Sentencing Guidelines provides for a two level increase in a defendant's offense level where the Court finds that "the defendant was an organizer, leader, manager, or supervisor in any criminal activity..." Id. That section further provides that, "[t]o qualify for an adjustment under this section, the defendant must have been the organizer, leader, manager, or supervisor of one or more other participants." Id., Application Note 2. (emphasis added). Application Note 1 of §3B1.1 provides that "[a] 'participant' is a person who is criminally responsible for the commission of the offense, but need not have been convicted. A person who is not criminally responsible for the commission of the offense (e.g., an undercover law enforcement officer) is not a participant." Id.

In the present case, the only other "participant" in the instant offense was acting in an undercover law enforcement capacity. That individual, the cooperating witness, could not be deemed "a participant," as that term is defined in §3B1.1. Thus, the Court's implicit consideration of that individual as a participant resulted in an illegal sentence. Notably, the First Circuit has previously vacated a sentence where the district court failed to identify who the "participants" were that supported an enhancement under §3B1.1(a). See, United States v. McDowell, 918 F.2d 1004 (1st Cir. 1990).

The undersigned was advised after the imposition of the sentence in this case that there were no appealable issues from which he could appeal. This advice was furnished by former defense counsel. Accepting this advice, as the undersigned could reasonably be expected to do, the undersigned had taken no appeal, and had not previously sought relief from the judgment on the grounds advanced herein. Nevertheless, this motion is timely inasmuch as the undersigned only became aware of the "facts" (i.e., that former defense counsel falsely represented to him that there were no issues from which petitioner could seek relief) upon which this motion is based after consulting with this writer.

Notably, the Supreme Court has cautioned courts reviewing ineffective assistance of counsel claims that counsel's conduct is afforded a presumption of reasonableness. See, Strickland v. Washington, 466 U.S. 668 (1984). Thus, the undersigned could not have reasonably been expected to question his attorney's advice. Moreover, a motion is timely if filed within one year of the date that the petitioner became aware of the facts supportion his claim, or could have become aware of such facts through the exercise of due diligence. See, 28 U.S.C. §2255 ¶6(4). However, §2255 ¶6(4) does not require that a petitioner exercise "the maximum feasible diligence," only "due" or "reasonable diligence." Wims v. United States, 225 F.3d 186, 190 & n.4 (2nd Cir. 2000). Consequently, this motion is timely.

Inasmuch as former counsel failed to either object to, and/or appeal from the sentence on the ground that he the undersigned was improperly assigned a two level increase pursuant to §3B1.1(c), where the undersigned was the only "criminally responsible" participant in the instant offense, former counsel's assistance was ineffective, in violation of the undersigned's sixth amendment right.

Accordingly, in the interest of justice, and to avoid a complete miscarriage thereof, an order vacating and/or correcting the sentence imposed in this case should issue forthwith.

### POINT THREE

DEFENSE COUNSEL'S FAILURE TO MOVE TO DISMISS THE INDICTMENT ON THE GROUND THAT THE FAILURE TO RETURN AN INDICTMENT WITHIN THIRTY DAYS OF THIS PETITIONER'S ARREST VIOLATED THE SPEEDY TRIAL ACT (i.e., 18 U.S.C.§3161(b)), RENDERED COUNSEL'S ASSISTANCE GROSSLY INEFFECTIVE, IN VIOLATION OF PETITIONER'S 6TH AMENDMENT RIGHT

As previously noted, the undersigned was arrested on December 10, 2003, and was not indicted until May 4, 2004. 18 U.S.C.§3161(b), however, requires that such an indictment be returned within thirty (30) day of the arrest — in this case, the indictment was due to be filed no later than January 9, 2004. Despite the obvious violation of the Speedy Trial Act, former defense counsel failed to move to dismiss the indictment. Instead, counsel advised the undersigned to enter a plea of guilty to the charges. Counsel's assistance in this regard violated the undersigned's sixth amendment right to effective assistance of counsel, warranting relief from the judgment.

The undersigned has no recollection of having executed a waiver of the Speedy Trial Act provisions prior to the indictment being returned. However, assuming that he had executed such a waiver(s), the waiver(s) would be ineffective. See, Zedner v. United States, 126 S.Ct. 1976, 1987 (2006)("[A] defendant may not prospectively waive the application of the [Speedy Trial] Act."). Thus, notwithstanding the existence of any waiver, counsel was obliged to move to dismiss the indictment. His failure to do so rendered his assistance grossly ineffective, and relief from the judgment should be granted.

It should be noted that had defense counsel moved the Court to dismiss the indictment for the Government's failure to file such prior to January 10, 2004, such a motion would have been granted pursuant to 18 U.S.C. §3162(a).

Accordingly, the Court should grant this motion, and/or promptly schedule this matter for an evidentiary hearing.

## CONCLUSION

The undersigned, having demonstrated that he is entitled to relief from the judgment of conviction and sentence in this case, respectfully requests that the Court promptly schedule this matter for a status conference, and that the Court appoint counsel, pursuant to the Criminal Justice Act of 1974, and grant such other relief as the Court may deem just and proper.

WHEREFORE, upon the foregoing, petitioner prays that this motion will be, and is hereby due to be, granted in its entirety.


Dated: Devens, Massachusetts
       October 5, 2007

Respectfully submitted,

*Robert Ramos*
Robert Ramos, pro se
Register No. 25036-038
Federal Medical Center
P.O. Box 879
Ayer, Massachusetts 01432